*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                              :
MARY DUNN,                                          Civil No. 08-1632(FLW)
                                              :
         Plaintiff,
                                              :
         v.                                             OPINION
                                              :
REED GROUP, INC., Third Party
Administrator for the Johnson & Johnson Long :
Term Disability Plan;
JOHNSON & JOHNSON, a New Jersey    :
Corporation; and
JOHNSON & JOHNSON LONG TERM     :
DISABILITY PLAN,
                                              :
         Defendants.
_____:

**WOLFSON, United States District Judge:**

On September 2, 2009, the Court granted Plaintiff Mary Dunn's ("Plaintiff") motion for summary judgment and remanded the issue of whether Plaintiff is entitled to her disability benefits pursuant to the Long Term Disability Plan (the "Plan") for further review by Defendant, the Long Term Disability Plan for Choice Eligible Employees of Johnson & Johnson and Affiliated Companies ("Defendant").  As part of the Order, the Court denied Plaintiff's request for attorney's fees without prejudice.  In the current matter, Plaintiff moves for reconsideration on that aspect of the Court's decision.  For the reasons that follow, Plaintiff's motion is **DENIED**.

**I.**        **Background and Procedural History**

As the Court has already extensively recounted the facts of this case in its Summary Judgment Opinion (the "Opinion") dated September 2, 2009, the Court will only recount relevant

facts as to this motion. Prior to the initiation of the present action, Plaintiff commenced an action against Defendant on December 20, 2006, after the denial of her claim for continued LTD benefits was upheld following a first level appeal. In that prior action, Plaintiff sought the continued payment of her long term disability ("LTD") benefits. However, pursuant to the Plan, Plaintiff should have sought a second level of appeal to review her benefit claim. Instead, she filed a complaint against Defendant in this Court. Thereafter, the parties agreed to voluntarily remand Plaintiff's claim to the claim administrator for further administrative review. Defendant submits, and Plaintiff did not dispute, that it paid Plaintiff's attorneys' fees with respect to the filing of the first action.

During the second level appeal, Plaintiff's benefits claim was again denied. Accordingly, Plaintiff filed the instant action on April 2, 2008. Both Plaintiff and Defendant moved for summary judgment. In its Opinion, the Court held that:

> While the record contains some evidence that Dunn would be able to return to sedentary work, nonetheless, the Claims and Plan Administrators have not made adequate factual findings, nor explained, Dunn's residual physical capacity and the type of sedentary jobs Plaintiff is capable of working. Absent these findings, the Court cannot make an adequate assessment of whether Defendant's denial was arbitrary and capricious. As such, the Court remands this matter for further administrative review by Defendant.

Opinion at p. 33. In that regard, the Court granted Plaintiff's motion. However, because Plaintiff did not obtain the relief she sought in this action, she was not a prevailing party. As such, the Court denied Plaintiff's request for attorney's fees and costs without prejudice. Plaintiff moves for reconsideration on this issue.

## II.     Discussion

### A.     Standard of Review

While the Federal Rules of Civil Procedure do not expressly recognize motions for

"reconsideration," United States v. Compaction Sys. Corp., 88 F.Supp. 2d 339, 345 (D.N.J. 1999), the Local Civil Rules governing the District of New Jersey do provide for such review. See Lite, N.J. Federal Practice Rules, Comment 6 to L.Civ.R. 7.1 (Gann 2008). Local Civil Rule 7.1(i) allows a party to seek reconsideration of a court's decision if there are "matters or controlling decisions which counsel believes the Judge ... has overlooked." L. Civ. R. 7.1(i); see also Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 n.12 (D.N.J. 2002).[1]  Relief by way of a motion for reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." Interfaith Cmty. Org., 215 F. Supp. 2d at 507. A motion for such reconsideration must be filed "within 10 days after the entry of the order or judgment on the original motion." L. Civ. R. 7.1(i). A timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Indeed, a "party seeking reconsideration must show more than a disagreement with the court's decision," Panna v. Firstrust Sav. Bank, 760 F. Supp. 432, 435 (D.N.J. 1991), and will fail to meet its burden if it merely presents "a recapitulation of the cases and arguments considered by the Court before rendering its original decision." Elizabethtown Water Co. v. Hartford Casualty Ins. Co., 18 F. Supp. 2d 464, 466 (D.N.J. 1998) (quoting Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 706 (D.N.J. 1989)). The Court will only grant such a motion if the matters overlooked

---

[1] In Interfaith Cmty. Org., the court cited L. Civ. R. 7.1(g) as the provision governing a motion for reconsideration in this district. On February 24, 2005, however, certain amendments to our Local Rules became effective and reconsideration motions are now governed by L. Civ. R. 7.1(i).

might reasonably have resulted in a different conclusion. Bowers v. Nat'l Collegiate Athletic Assoc., 130 F. Supp. 2d 610, 613 (D.N.J. 2001). In sum, it is improper on a motion for reconsideration to "ask the Court to rethink what it ha[s] already thought through – rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)(citations omitted).

### B. Attorney's Fees Under ERISA

Section 502(g)(1) of ERISA provides that a district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1); see Tomasko v. Weinstock, 08-4673, 2009 U.S. App. LEXIS 27896, at *10-11 (3d Cir. Dec. 18, 2009). In determining whether such a fee award is warranted pursuant to this provision, courts must consider the following five factors, referred to as the Ursic factors:

(1) the offending parties' culpability or bad faith;

(2) the ability of the offending parties to satisfy an award of attorneys' fees;

(3) the deterrent effect of an award of attorneys' fees against the offending parties;

(4) the benefit conferred on members of the pension plan as a whole; and

(5) the relative merits of the parties' positions.

Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983). "While the statutory provision itself does not dictate that a party must prevail in order to be awarded attorney's fees, courts have interpreted the statute as requiring a party to prevail before fees will be awarded." Local 827 IBEW v. Verizon N.J., Inc., No. 02-1019, 2006 U.S. Dist. LEXIS 56453, at *3 (D.N.J. Aug. 3, 2006)(citing McPherson v. Employees' Pension Plan of American Re-Insurance Co., Inc., 33 F.3d 253 (3d Cir. 1994) ("[a]ttorneys' fees may be awarded to prevailing parties in actions brought under [ERISA]")); O'Malley v. Sun Life Assur. Co. of Am., No. 04-5540, 2006 U.S. Dist. LEXIS 2770, at *31 (D.N.J.

Jan. 23, 2006)("[b]ecause Plaintiff did not prevail on her summary judgment motion, the Court will not consider her request for an award of attorneys' fees"); see also Martorana v. Bd. of Trustees of Steamfitters Local Union 420 Health, Welfare and Pension Fund, 404 F.3d 797 (3d Cir. 2005) (noting that "ERISA allows for the award of attorney's fees to the prevailing party at the discretion of the court").

To determine whether a party is the "prevailing party" requires the Court to determine whether: "(1) the plaintiff obtained relief on a significant claim in the litigation; and (2) there is a causal connection between the litigation and the relief obtained from the defendant." P.G. v. Brick Twp. Bd. of Educ., 124 F. Supp. 2d 251, 259 (D.N.J. 2000). With respect to the first prong, the Court can "compare [] the relief sought from the lawsuit and the relief eventually obtained." Id.

Here, it is clear that Plaintiff did not obtain the relief she seeks in this action. Plaintiff asserts a single count in the Complaint for retroactive and ongoing LTD benefits pursuant to ERISA. The Court did not grant Plaintiff such relief, but rather, remanded the matter for further administrative review. In that regard, the Court was unable to assess whether the claim decision was arbitrary capricious and therefore, left open the possibility that the final claim decision may be upheld and affirmed by the Court.

While the Third Circuit has not addressed the circumstances where, as here, a plaintiff seeks attorney's fees when a court remands an ERISA claim for further administrative review rather than reinstate benefits, at least two other circuits have held that a plaintiff is a not a prevailing party where the remedy is a remand. Quinn v. Blue Cross and Blue Shield Association, 161 F.3d 472, 479 (7th Cir. 1998)("While Quinn may be a 'prevailing party' in that she will have her case remanded, she is not a prevailing party in the truest sense of the term . . ."); Hardt v. Reliance Standard Life Ins. Co., 2009 WL 2038759, at *3-4 (4th Cir. Jul. 14, 2009)(plaintiff was not a prevailing party because

the district court did not award plaintiff's only request which was for disability benefits); see also Baca-Flores v. Hartford Life and Accident Ins. Co., No. 03-72131, 2006 WL 2130528, at *2 (E.D. Mich. Jul. 28, 2006); Weddell v. Retirement Comm. of Whirlpool Prod. Employees Ret. Plan, No. 07-006, 2008 WL 343137, at *3-4 (N.D. Ohio Feb. 5, 2008); Viglietta v. Metropolitan Life Ins., No. 04-3874, 2005 WL 5253336, at *13 (S.D.N.Y. Sep. 2, 2005); Kroll v. Prudential Ins. Co. of Am., No. 03-1603, 2005 WL 1865509, at *18-19, n.26 (S.D. Ind. Aug. 4, 2005); Rekstad v. First Bank Sys., Inc., No. 97-1315, 1999 WL 33263930, at *2-3 (D. Colo. Jul. 6, 1999); Marsteller v. Life Ins. Co. of N. Am., No. 96-0015, 1997 WL 403235, at *2 (W.D. Va. Jul. 9, 1997).

In sum, the Court finds that none of the reasons for the Court to reconsider its prior decision denying Plaintiff's request for attorney's fees exists at this time - i.e., intervening change in the controlling law; new evidence that was not available when the Court granted the motion; or the need to correct a clear error of law or fact or to prevent manifest injustice. Indeed, at this juncture, Plaintiff is not a prevailing party and therefore, she is not entitled to attorney's fees. However, the Court shall consider this issue again should Plaintiff ultimately prevail against Defendant.

DATED: January 13, 2010

    /s/Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge